AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original   ☐ Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
5/13/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MMC _____ DEPUTY

# UNITED STATES DISTRICT COURT

FILED
CLERK, U.S. DISTRICT COURT
5/13/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ VV _____ DEPUTY

for the

Central District of California

| | |
|---|---|
| United States of America | |
| v. | Case No.   2:25-MJ-02887-DUTY |
| JAMES MICHAEL BILELLA, | |
| Defendant | |

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about July 21, 2022, in the County of Los Angeles in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Methamphetamine |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

_____
*/s/*
*Complainant's signature*

Caleb Hodgson, DEA Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   5/13/2025

_____
*Judge's signature*

City and state:   Los Angeles, California

Hon. Margo A. Rocconi, U.S. Magistrate Judge
*Printed name and title*

AUSA: Joseph S. Guzman x2438

**AFFIDAVIT**

I, Caleb Hodgson, being duly sworn, declare and state as follows:

## I.    PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of a criminal complaint and arrest warrant against James Michael BILELLA ("BILELLA") for a violation of 21 U.S.C. § 841(a)(1): Possession with Intent to Distribute Methamphetamine.

2.    The facts set forth in this affidavit are based on my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II.    BACKGROUND OF AFFIANT

3.    I am a Special Agent ("SA") with the U.S. Drug Enforcement Administration ("DEA").  I have held this position since October 2019.  I am currently assigned to Los Angeles Field Division Enforcement Group 1.  I have completed DEA Basic Agent Training, an 18-week intensive training program at the DEA Training Academy in Quantico, Virginia, during which I received over 300 hours of comprehensive, formalized instruction in such matters as drug identification; drug trafficking and

1

interdiction; surveillance; criminal law; money laundering techniques; and asset identification, seizure and forfeiture, among other subjects.

4.    Prior to working for the DEA, I was employed as a criminal intelligence analyst for the Kentucky Intelligence Fusion Center, under the Kentucky Office of Homeland Security, specializing in organized crime intelligence collection and analysis.  I held this position for just under two years before joining DEA.  Through my work at DEA, I have also conferred and interacted with experienced special agents, federal DEA Task Force Officers ("TFOs"), and local law enforcement investigators regarding the investigation of drug-trafficking offenses. During my tenure at DEA, I have been involved in investigations regarding (1) the unlawful importation, exportation, manufacture, possession with intent to distribute, and distribution of drugs, (2) the laundering of drug proceeds and monetary instruments derived from drug activities, and (3) conspiracies associated with drug offenses.  My involvement in these investigations has included debriefing defendants, witnesses, and confidential sources; conducting physical and electronic surveillance; assisting in court-authorized interceptions; executing search and arrest warrants; seizing drugs and drug-related assets; making arrests for drug-related offenses; and analyzing documents and records related to drug-trafficking activities and money laundering.

2

### III.  SUMMARY OF PROBABLE CAUSE

5.    As detailed below, through an investigation into two suspected drug stash houses, Los Angeles Police Department ("LAPD") detectives obtained state search warrants for two properties: 6607 Padre Terrace in Los Angeles, California ("6607 Padre Terrace") and Unit 2903 of 888 South Olive Street, Los Angeles, California 90014 ("Unit 2903").  On July 21, 2022, LAPD officers searched both residences.  During the search of Unit 2903, LAPD officers found significant quantities of illegal drugs, including suspected methamphetamine, heroin, and fentanyl, and other indicia of illegal drug sales, including digital scales and packaging materials.  Officers also found an assault rifle and loaded handgun.  BILELLA, who was one of several individuals occupying Unit 2903 at the time of the search, admitted in a Mirandized interview that he possessed the illegal drugs and firearms.  LAPD officers also seized BILELLA's cell phone, which contained messages between him and others demonstrating that he sold illegal drugs.

6.    Based on the amount of illegal drugs found, the digital scales and the packaging materials, and the drug trafficking text messages that BILELLA exchanged, I submit there is probable cause to believe BILELLA possessed methamphetamine with intent to distribute it.

### IV.  STATEMENT OF PROBABLE CAUSE

7.    Based on my involvement in this investigation, my conversations with other law enforcement officials involved in

3

this investigation, and my review of reports and records connected to this investigation, I am aware of the following:

**A.    LAPD Detectives Learn About Suspected Illegal Drug Sales at 6607 Padre Terrace and Unit 2903.**

8.    On March 15, 2022, LAPD detectives received an anonymous complaint that the residents of 6607 Padre Terrace, Los Angeles, California 90068 were operating the residence as a drug stash house.  In April 2022, LAPD detectives received another complaint that a drug dealer was operating 6607 Padre Terrace as a drug house.

9.    Based on my review of reports and conversations with LAPD detectives, I learned that, after receiving these two complaints, LAPD investigators surveilled 6607 Padre Terrace and observed that 6607 Padre Terrace was a hub of criminal activity. In particular, the premises were routinely visited and occupied by various suspects with extensive criminal records, many of whom were well known to investigators as drug dealers.  In order to acquire more information about the residents of 6607 Padre Terrace, detectives applied for a search warrant for records associated with the Facebook accounts maintained by the three principal occupants of 6607 Padre Terrace.  On May 10, 2022, Los Angeles Superior Court Judge Katherine Mader approved Search Warrant Number CC 2022 97791 for the Facebook records of the three principal occupants of 6607 Padre Terrace.

10.    Detectives served Search Warrant Number CC 2022 97791 on Meta Platforms, Inc. (Facebook's parent company) and received extensive records from the Facebook accounts of the three

4

occupants of 6607 Padre Terrace.  The Facebook records demonstrated that the three occupants used their respective Facebook profiles to send and receive messages regarding their respective and collective drug dealing endeavors.

11.  The Facebook records additionally revealed that the three occupants were renting and using Unit 2903 in conjunction with their drug trafficking enterprise.  In particular, records indicated the three occupants would routinely move between 6607 Padre Terrace and Unit 2903 to meet with drug trafficking associates and customers.  Their correspondence also indicated they stored controlled substances at both locations and used both domiciles in conjunction with drug manufacturing.

**B.    LAPD Obtains State Search Warrants For 6607 Padre Terrace and Unit 2903.**

12.  Based on the Facebook correspondence related to the criminal undertakings of the three occupants at 6607 Padre Terrace, detectives applied for a search warrant for 6607 Padre Terrace and Unit 2903.  On July 18, 2022, Los Angeles Superior Court Judge Teresa Sullivan signed Search Warrant CC 2022 98527 authorizing the searches of both properties.

**C.    BILELLA Possessed Substantial Amounts Of Illegal Drugs And Firearms At Unit 2903.**

13.  Based on my review of reports and conversations with LAPD detectives, I know that on July 21, 2022, LAPD detectives served Search Warrant Number CC 2022 98527 at 6607 Padre Terrace and Unit 2903 and found substantial quantities of illegal drugs and multiple firearms at both locations.  As relevant here, LAPD

detectives and officers knocked on the front door of the Unit 2903 and announced their presence and intent to serve the search warrant. Detectives and officers heard yells and the sounds of people scrambling and running inside of Unit 2903. After knocking on the door and providing several more announcements with no response from inside Unit 2903, detectives and officers forced open the front door.

14. Detectives and officers found five individuals inside Unit 2903, including BILELLA. All of the occupants were taken into custody shortly after officers forced their way into Unit 2903. BILELLA'S clothing was soaking wet when detectives and officers encountered him in one of the bedrooms. One of the detectives observed a trail of what appeared to be a chalky white substance that resembled fentanyl leading from a nightstand in the bedroom to the bathroom.

15. LAPD Detective Todd Ramsey inspected the bathroom and discovered that the toilet and the floor were covered with water as well as a chalky white substance resembling fentanyl. Detective Ramsey observed that a substance resembling fentanyl was also coating the inside of the toilet bowl. Based on the trail of suspected fentanyl from the nightstand where BILELLA was standing when officers entered the room, BILELLA's soaked clothing, and the water and the suspected fentanyl covering the bathroom floor, LAPD detectives concluded that BILELLA had likely flushed significant quantities of suspected fentanyl down the toilet.

16.   LAPD officers conducted a search of Unit 2903. Detective Ramsey discovered large caches of different types of controlled substances in the bedroom that BILELLA had been occupying, including: bags of suspected cannabis, jars of what appeared to be concentrated cannabis liquid and wax, bags of what appeared to be psilocybin mushrooms, and a pint-sized plastic bottle filled with a viscous clear liquid that resembled gamma hydroxybutyrate (GHB)/1.4 butanediol.

17.   Detective Ramsey also discovered and seized copious quantities of a black tar-like substance that resembled heroin in the bedroom.  He additionally found large quantities of an off-white crystalline substance resembling methamphetamine, multiple bottles of codeine cough syrup, different vials of suspected fentanyl, suspected methadone, and suspected phencyclidine (PCP) stored in the bedroom that BILELLA was occupying.

18.   Detective Ramsey also discovered an unregistered assault rifle stored in the closet of the bedroom that BILELLA was occupying.  The rifle was loaded with a magazine which was loaded with .223 caliber bullets.  Detective Ramsey additionally discovered an unregistered 9mm handgun that was stored under the mattress of the bed in the room that BILELLA was occupying.  The handgun was loaded with a magazine filled with 9mm bullets.  The handgun was additionally outfitted with a suppressor.

**D.    BILELLA Is Mirandized And Confessed To Possessing The Drugs And Firearms.**

7

19.  Based on my review of reports and conversations with LAPD detectives, I know that Detective Ramsey read BILELLA the Miranda admonishment shortly after BILELLA had been taken into custody.  BILELLA provided a waiver and agreed to speak with Detective Ramsey.  BILELLA told Detective Ramsey he owned whatever was found in Unit 2903.  BILELLA stated that he lives in Unit 2903 and the other four occupants were just visiting.

20.  Detective Ramsey arrested BILELLA for possession of controlled substances while armed with a loaded firearm. Detective Ramsey seized the suspected controlled substances and firearms and ammunition discovered inside Unit 2903.

**E.    BILELLA's Cell Phone Contains Messages Demonstrating He Illegally Sold Drugs.**

21.  LAPD officers seized two cellular phones that were in BILELLA'S possession when he was arrested.  On July 26, 2022, LAPD officers obtained a search warrant that authorized the search of BILELLA'S cell phones.

22.  Based on my review of reports and conversations with LAPD detectives, I know that while inspecting the contents of BILELLA'S cell phones, LAPD officers observed multiple messages indicating BILELLA sold illegal drugs.  For example, on May 18, 2022, BILELLA received the following message regarding a potential MDMA transaction: "If I buy the Molly from you imma need u to bless me with some bud bc I'm literally boutta give u the $ I'm supposed to survive till the end of the month till it's time to pay rent."  On April 21, 2022, BILELLA wrote the following message regarding a potential fentanyl sale: "Do you

want china white I have 7 grams."  Based on my training and experience, I know that "china white" is a code word often used to refer to a fentanyl analog.

### F.  A Laboratory Report Confirms BILELLA Possessed Approximately 144 Grams Of Methamphetamine.

23.  LAPD Criminalist Bethany Muro conducted laboratory analysis of the seized substances within Unit 2903.  Her laboratory analysis confirmed the presence of methamphetamine, cocaine, heroin, and GHB in the seized substances. Specifically, laboratory analysis confirmed the seizure of at least approximately 144.49 grams of a substance containing methamphetamine.  Based on my training and experience, I believe this is a distribution-quantity of methamphetamine.

## V.  CONCLUSION

24.  For all of the reasons described above, I submit that there is probable cause to believe that BILELLA has committed a violation of 21 U.S.C. § 841(a)(1): Possession with Intent to Distribute Methamphetamine.


Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __13__th day of May
2025.

_____
HON. MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE

9